# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CIVIL ACTION<br>)<br>) Case No. 10-2532-CM |
| NATIONAL CABLE TELEVISION COOPERATIVE, INC., et al., | )<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM AND ORDER

Two insurance companies filed this declaratory judgment action against their insured, defendant National Cable Television Cooperative, Inc. ("NCTC"), and NCTC's adversary in other legal actions, defendant Lafayette City-Parish Consolidated Government of Lafayette, LA ("Lafayette"). NCTC and Lafayette are adversaries in an action pending before the Federal Communications Commission ("FCC") and were previously adversaries in another declaratory judgment action pending before Judge Vratil in the District of Kansas. NCTC requested that the insurance companies defend it in both actions, and the insurance companies filed the instant case seeking declaratory judgment about coverage.

NCTC also carries a Private Company Directors and Officers Liability Policy with Travelers Casualty and Surety Company of America ("Travelers"). NCTC filed a Third-Party Complaint against Travelers, requesting a declaration that Travelers must defend NCTC and/or its Board of Directors in the action before the FCC. NCTC also alleges breach of contract and good faith against Travelers.

The case is now before the court on Third-Party Defendant Travelers Casualty and Surety

Company of America's Motion to Strike or, in the Alternative, to Dismiss for Failure to State a Claim (Doc. 36). Travelers contends that NCTC's claims against it fail to comport with Fed. R. Civ. P. 14(a), the rule governing impleader in federal court. NCTC disagrees, but also asks the court to deny Travelers's motion because Travelers is a proper defendant under Rules 13(h) and 20(a)(2), and NCTC could have added Travelers as a defendant and brought a proper counterclaim against the company. Travelers denies that it is a proper party joined under Rules 13(h) and 20(a)(2).

## Rule 14(a)

Under Fed. R. Civ. P. 14(a)(1), a defendant may implead a third party "who is or may be liable to it for all or part of the claim against it." This standard contemplates that a third-party claim is derivative of an original claim in the action. *King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1158 n.1 (10th Cir. 1990); *Admin. Comm. of the Wal-Mart Assocs. Health & Welfare Plan v. Willard*, 216 F.R.D. 511, 513 (D. Kan. 2003). It is insufficient that the third-party claim is based on the same factual background or otherwise related to the original claim. *Bethany Med. Ctr. v. Harder*, 641 F. Supp. 214, 217 (D. Kan. 1986) (citing 6 Wright & Miller, Federal Practice & Procedure § 1446, at 257 (1971)). Rather, as a general rule, the alleged liability of the third party must depend on the outcome of the original claim, or the third-party defendant must be secondarily liable to the impleading party. *Willard*, 216 F.R.D. at 513.

Rule 14(a) strives to promote judicial efficiency by reducing multiplicitous litigation. *See United of Omaha Life Ins. Co. v. Reed*, 649 F. Supp. 837, 841 (D. Kan. 1986) (citation omitted). Courts construe Rule 14(a) liberally, but can exercise their discretion to strike, sever, or separately try third-party claims. *Id.*; Fed. R. Civ. P. 14(a)(4). Some courts have permitted third-party claims to proceed in declaratory judgment actions, despite a lack of derivative liability, stating, "Rule 14(a)

[does] not preclude all third-party actions in which the third-party defendant would not be held liable directly for the judgment of the original defendant." *Old Republic Ins. Co. v. Concast, Inc.*, 99 F.R.D. 566, 569 n.1 (S.D.N.Y. 1983) (citing *McGee v. United States*, 62 F.R.D. 205, 208–09 (E.D. Pa. 1973)). Otherwise, according to these courts, "a strict interpretation of Rule 14(a) makes it impossible for defendants to declaratory judgment actions to maintain a third-party complaint, as the defendant to a declaratory judgment action will never be found liable to the plaintiff." *Hartford Cas. Inc. Co. v. Moore*, No. 08-cv-1350, 2010 WL 323502, at \*3 (C.D. Ill. Jan. 20, 2010).

While the cases cited by NCTC indeed appear to have carved out an exception—a declaratory judgment action exception—to the plain language of Rule 14(a), the court finds them distinguishable from the case at hand. All of the cases cited by NCTC involved a much more direct relationship between the claims than is present in the instant case. A number of them involved insurance agents who were impleaded into an action involving their employer. That is not the case here. Instead, NCTC seeks to implead a separate insurance company who issued a directors and officers liability policy—which is not the same type of policy as the others already involved in this case. The court determines that Rule 14(a) is not the proper vehicle to use to bring Travelers into this case.

### **Rules 13(h) and 20(a)(2)**

The court first notes that NCTC has not specifically and separately sought to add Travelers as a counterclaim defendant. Instead, in NCTC's response brief, NCTC alternatively argues that Travelers is properly joined under Rule 14(a) or Rules 13(h) and 20(a). NCTC essentially asks the court to use its discretion to further goals of judicial efficiency by considering Travelers joined in this case through whichever mechanism the court finds proper under the rules.

Rule 13(h) specifies that a person may be added as a party to a counterclaim. *See also Bd. of*

*County Comm'rs of County of Marshall v. Cont'l W. Ins. Co.*, No. 01-2183-CM, 2002 WL 73394, at *3 (D. Kan. Jan. 2, 2002) ("The federal rules expressly authorize joinder of non-parties to a counterclaim."); *Youell v. Grimes*, 203 F.R.D. 503, 510 (D. Kan. 2001) (allowing joinder of non-parties as counterclaim defendants). And Rule 20(a)(2) provides that persons may be joined as defendants where both:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Like the federal impleader rule, Rule 20 seeks to avoid multiplicity of lawsuits and promote efficient justice. *Hall v. Witteman*, No. 07-4128-SAC, 2008 WL 2949567, at *2 (D. Kan. July 30, 2008) (citations omitted). Also like with Rule 14, courts broadly construe Rule 20(a). *Id.*

Although NCTC did not originally file its claims against Travelers as permissive counterclaims, it is in the interest of judicial economy to now treat them as such. While NCTC's claims against Travelers are not derivative of the plaintiff insurance companies' claims against NCTC, the claims are "with respect to . . . the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). The insurance policies differ, but the disputes relate to the FCC action against NCTC. And though the analysis about whether the insurance policies apply may be unique for each policy, there are common questions of fact relating to the FCC action for which NCTC seeks coverage. The court concludes that Travelers is properly joined as a counterclaim defendant.

Travelers argues that the court should not accept NCTC's argument that it is a proper counterclaim defendant because that is not how NCTC brought Travelers into the case. But a

number of courts, in the interest of justice, have permitted the recharacterization of claims where warranted. *See, e.g., Legion Ins. Co. v. Family Serv., Inc.*, 561 F. Supp. 2d 232, 236 (D.R.I. 2008) ("[M]islabeling of [a] claim . . . is not, by itself, a basis for dismissal."); *Pa. Mfrs. Ass'n Ins. Co. v. Fed. Realty Inv. Trust*, No. DKC 98-3969, 2000 WL 964771, at *2 (D. Md. June 6, 2000) (declining to strike third-party complaint, instead "constru[ing] 'third-party complaint' as the permissive joinder of [insurer] as a defendant to the counterclaim against [plaintiff] pursuant to Rule 13(h)"); *Fla. Software Sys., Inc. v. Columbia/HCA Healthcare Corp.*, 46 F. Supp. 2d 1276, 1281 (M.D. Fla. 1999); *see also KTS Props., LLC v. Skaaning*, No. 09-00433 SOM/BMK, 2010 WL 2900590, at *4 (D. Haw. July 23, 2010) ("The nomenclature of the claims must be subordinated to the substance."). The court finds that such recharacterization is appropriate here.

**IT IS THEREFORE ORDERED** that Third-Party Defendant Travelers Casualty and Surety Company of America's Motion to Strike or, in the Alternative, to Dismiss for Failure to State a Claim (Doc. 36) is granted in part and denied in part. Travelers is not a proper third-party defendant, but is properly in the case as a counterclaim defendant. The case caption shall be modified to reflect this status.

Dated this 14th day of April 2011, at Kansas City, Kansas.

                                              **s/ Carlos Murguia**
                                              **CARLOS MURGUIA**
                                              **United States District Judge**