**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD and CONTINENTAL CASUALTY COMPANY, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 10-2532-CM |
| LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT OF LAFAYETTE, LA., d/b/a LAFAYETTE UTILITIES SYSTEM, ) ) ) ) ) | |
| Defendant, ) ) | |
| and ) ) | |
| NATIONAL CABLE TELEVISION COOPERATIVE, INC., ) ) ) | |
| Defendant/ Counter-Claimant, ) ) ) | |
| v. ) ) | |
| TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, ) ) ) | |
| Counterclaim Defendant.[1] ) ) ) ) | |

---

[1] The case caption has been modified pursuant to Judge Murguia's order that Travelers Casualty & Surety Company of America should be reflected as a "counterclaim defendant" rather than a "third-party defendant." Memorandum and Order, Doc. 47.

## MEMORANDUM AND ORDER

This matter is before the court on National Cable Television Cooperative, Inc.'s (hereafter NCTC) motion to amend (Doc. 18) and plaintiffs' motion to amend (Doc. 28). For the reasons set forth below, both motions to amend shall be GRANTED.

## Background

The genesis of this lawsuit is Lafayette's unsuccessful application to become a member of NCTC. NCTC provides various programming and negotiating services that result in discounts to its members. Lafayette is a publicly owned government cable programming distributor in Louisiana. Following the rejection of its application, Lafayette filed a complaint with the Federal Communications Commission and alleged that NCTC and various other cable providers were engaged in anti-competitive activities.

National Fire Insurance Company of Hartford and Continental Casualty filed this declaratory judgment action against their insured (NCTC) and its adversary in the FCC legal action (Lafayette) and seeks a determination concerning insurance coverage issues. NCTC answered and asserted counterclaims against plaintiffs and third-party claims against Travelers Casualty and Surety Company of America, an insurer that issued a directors and officers policy to NCTC.

### NCTC's Motion to Amend (Doc. 18)

NCTC moves for leave to amend its answer/counterclaim to (1) add a cross-claim

against Lafayette and (2) "clarify certain jurisdictional and ancillary factual allegations.[2] The proposed cross-claim against Lafayette is based on allegations that Lafayette entered into a "hold harmless" agreement with NCTC and has refused to honor the agreement.

The standard for permitting a party to amend its pleading is well established. Without an opposing party's consent, a party may amend its pleading only by leave of the court. Fed. R. Civ. P. 15(a).[3] Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)). In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989). The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment. Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996). The objections to the proposed amendments are discussed in greater detail below.

Travelers contends that the proposed amendment is futile because the amended language fails to state a "proper third-party claim" against it. This "futility" argument

---

[2] Doc. 18 also includes a "motion" to stay briefing concerning a motion to dismiss and for entry of a "briefing schedule." That "motion" and the requested relief are **MOOT.**

[3] A party may amend its pleading once as a matter of course before a responsive pleading is filed. The time for amending "as a matter of course" is long past.

- 3 -

mirrors the argument raised by Travelers in its motion to strike/dismiss. (Doc. 36). As noted above, Judge Murguia ruled that Travelers "is not a proper third-party defendant, but is properly in the case as a counterclaim defendant." Memorandum and Order, Doc. 47, p. 5. For the reasons set forth by Judge Murguia, Travelers' "futility" argument is rejected. NCTC shall revise the language of its proposed amended pleading to allege that Travelers is a "counterclaim defendant" rather than a third-party defendant.

Lafayette similarly argues that the proposed cross-claims against it are futile. Specifically, Lafayette sets forth a number of factual allegations and then argues that the "hold harmless" clause (1) is not enforceable under Kansas law and (2) is void as against public policy. NCTC counters that the specific language of the "hold harmless" agreement in this case is enforceable under Kansas law and is not contrary to public policy.

After considering the authorities cited by the parties, the court finds that Travelers has not carried its burden of showing that the proposed amended claims are "futile" in the context of a motion to amend. None of the cases cited by Travelers are precisely on point with the allegations in this case and the better practice is to allow the proposed amendment. This ruling is without prejudice to legal theories on which parties may rely and the parties can revisit their respective arguments later in a fully developed dispositive motion.

**IT IS THEREFORE ORDERED** that NCTC's motion to amend **(Doc. 18)** is **GRANTED.** NCTC shall file and serve its amended answer, counterclaims, and cross-claims, consistent with the modifications mentioned herein, on or before **May 6, 2011.**

### Plaintiffs' Motion to Amend (Doc. 28)

National Fire and Continental Casualty move for leave to file their first amended complaint for declaratory relief. (Doc. 28). No response in opposition has been filed; therefore, the motion is uncontested and GRANTED pursuant to D. Kan. Rule 7.4.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to amend **(Doc. 28)** is **GRANTED.** Plaintiffs shall file and serve their amended complaint on or before **April 29, 2011.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 20th day of April 2011.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge